UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MINERVA LEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:16-CV-3424-G |
| TIMOTHY BEDNAR and ) | |
| JEFFREY BEDNAR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendants' motion to transfer venue, under 28 U.S.C. § 1412, to the Eastern District of Texas (docket entry 10). For the reasons stated below, the defendants' motion is granted.

I. BACKGROUND

On December 17, 2015, the plaintiff, Minerva Leal ("Leal"), commenced this breach of contract action in the County Court at Law No. 3 in Dallas County, Texas against Fountain Carwash -- Coit, Ltd. ("Coit"), Fountain Carwash Management, Inc., Tim Bednar, and Jeffrey Bednar (collectively, "the defendants"). Defendants'

Notice of Removal ("Notice") at 1 (docket entry 1); Plaintiff's Petition to Enforce Settlement Agreement ("Original Petition") (docket entry 1-1). Leal seeks to enforce a settlement agreement that she entered into with the defendants. Original Petition ¶¶ 10-16. The agreement called for the defendants to pay Leal $1000 and to "indemnify Leal against any and all insurance subrogation claims in consideration of Ms. Leal releasing the [defendants] and dismissing her claims." *Id.* Leal commenced the instant action contending that the defendants have refused to pay a pending subrogation claim. See *id.* ¶¶ 17-35.

On December 14, 2016, the defendants removed the case to this court pursuant to 28 U.S.C. §§ 1334 and 1452. Notice at 1. Prior to removing the case, on December 13, 2016, Coit filed a voluntary petition under Chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Texas. *Id.* On January 8, 2017, the defendants filed the instant motion to transfer this case to the United States District Court for the Eastern District of Texas, Sherman Division, for potential referral to the United States Bankruptcy Court for the Eastern District of Texas. Defendants' Motion to Transfer ("Motion") (docket entry 10). Notably, Leal did not file a response. The motion is now ripe for decision.

II. ANALYSIS

A. Applicable Law

The defendants contend that 28 U.S.C. § 1412 is the proper basis for transfer.[1] Section 1412 states, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. By its text, section 1412 applies to title 11 actions, which are "core proceedings" that arise in the bankruptcy context. *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Here, the defendants imply that the instant action is not entirely a core proceeding because it also includes related claims.[2] *See* Motion at 3 n.1.

Section 1412 does not explicitly state whether "a case or proceeding under title 11" includes claims that are related to title 11 actions. Moreover, the Fifth Circuit has not decided this issue. *System v. Limited*, No. 13-373-SDD-EWD, 2016 WL 4059705, at *3 n.26 (M.D. La. July 6, 2016) ("The Fifth Circuit has not yet determined whether § 1412 applies only to core proceedings."), report and recommendation adopted sub nom. *Firefighters' Retirement System v. Citgo Group*

---

[1] The defendants also cite 28 U.S.C. § 1404 in their motion. Motion at 1. While sections 1412 and 1404 are similar, section 1404 is more restrictive because it only permits transfer to a district where the action "might have been brought." *See* 28 U.S.C. § 1404. Because the defendants substantively briefed section 1412, the court will analyze this motion under section 1412.

[2] The defendants assert, "many (although not all) of the claims and causes of action asserted [by Leal] are core proceedings." Motion at 3 n.1.

- 3 -

*Limited*, No. CV 13-373-SDD-EWD, 2016 WL 4059666 (M.D. La. July 27, 2016). District courts within the Fifth Circuit are split as to whether section 1412 applies to transfers involving related claims or whether section 1404 controls those transfers. Compare *Rumore v. Wamstad*, No. CIV. A. 01-2997, 2001 WL 1426680, at *2 (E.D. La. Nov. 13, 2001) (holding that section 1412 applies only to core proceedings and not related claims) with *Marquette Transportation Company v. Trinity Marine Products, Inc.*, No. CIVA 06-0826, 2006 WL 2349461, at *4 (E.D. La. Aug. 11, 2006) (holding that Congress intended for section 1412 to apply to both core proceedings and related claims). Some courts in the Northern District of Texas have held that section 1412 permits the transfer of cases containing related claims. See *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-CV-1242-M, 2013 WL 230381, at *4 (N.D. Tex. Jan. 18, 2013) (Lynn, J.) (holding that Congress intended for section 1412 to apply to not only core proceedings, but also cases that are merely related to a bankruptcy proceeding); *In re Adkins Supply, Inc.*, No. 11-10353-RLJ-7, 2015 WL 1498856, at *4 (Bankr. N.D. Tex. Mar. 27, 2015) (noting that section 1412 is the appropriate statute for transfers involving claims "related to" title 11 actions). Both Northern District cases cite *Marquette Transportation Company*, 2006 WL 2349461 in support of their conclusions. See *LSREF2 Baron, LLC*, 2013 WL 230381, at *4; *In re Adkins Supply, Inc.*, 2015 WL 1498856, at *2.

In *Marquette*, the court held that section 1412 permits transfers of cases containing related claims. *Id.* at *4. The *Marquette* court looked to the term "proceeding" in 28 U.S.C. § 1409[3] -- the statute governing venue in title 11 cases -- for guidance interpreting the term "proceeding" in section 1412. *Id.* "Proceeding" under section 1409 explicitly includes actions related to core proceedings. *See* 28 U.S.C. § 1409. The *Marquette* court held that the word "proceeding" in section 1412 should be accorded the same breadth. *Marquette Transportation Company*, 2006 WL 2349461, at *4. It reasoned that if section 1412 did not include related claims, then a court could only transfer cases closely related to core proceedings under the more-restrictive 28 U.S.C. § 1404. See *id.* at *3. The court believed that such a requirement would "hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation." *Id.* at *4 (quoting *Baker v. Muscletech Research and Development, Inc.*, No. 06-C-492, 2006 WL 1663748, at *2 (E.D. Wis. June 9, 2006)). It concluded that Congress, in enacting section 1412, did not intend such a result. *Id.* at *4.

Courts reaching the opposite conclusion reason that Congress intentionally omitted the "related to" language in section 1412 to limit the jurisdiction of the

---

[3] The relevant portion of section 1409 states, "Except as otherwise provided in subsections (b) and (d), a *proceeding arising under title 11 or arising in or related to a case under title 11* may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409 (emphasis added).

bankruptcy courts. See, *e.g.*, *Searcy v. Knostman*, 155 B.R. 699, 707 (S.D. Miss. 1993). They point to the "related to" language in section 1412's predecessor, the now-repealed 28 U.S.C. § 1475. *Id.* at 706-07. Section 1475 stated, "A bankruptcy court may transfer a case under title 11 or a proceeding *arising under or related to such a case* to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475 (emphasis added). However, section 1412 does not refer to related proceedings. 28 U.S.C. § 1412. Some courts explain that the omission

> is evidence of Congressional intent that motions to transfer actions that are related to title 11 cases should be controlled by 28 U.S.C. § 1404. The purpose of the [section 1412] supports this conclusion since the Amendments were passed in response to the decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), in which the Supreme Court held that it was unconstitutional for bankruptcy courts to have jurisdiction over non-core bankruptcy proceedings. . . . [S]ection 1412 reflects Congress' intention to narrow the scope of the bankruptcy courts' jurisdiction by treating civil actions that are related to cases under title 11 differently from cases or proceedings arising under title 11.

*Murray, Wilson & Hunter v. Jersey Boats, Inc.*, No. CIV. A. 91-7733, 1992 WL 37516, at *3 (E.D. Pa. Feb. 21, 1992) (internal citations omitted) (quoting *Goldberg Holding Corporation v. NEP Productions, Inc.*, 93 B.R. 33, 34 (S.D.N.Y. 1988)).

However, *Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 680 (S.D.W. Va. 2005) -- followed by several courts within the Fifth Circuit[4] -- disagreed with this reasoning. The *Dunlap* court distinguished section 1475 from section 1412: "[S]ection 1475 . . . treated the bankruptcy court as the *transferor*. Section 1412, on the other hand, switched transfer authority to the district court alone." *Dunlap*, 331 B.R. at 679 (emphasis added). This single amendment, it reasoned, satisfied Congress's objective to limit the jurisdictional reach of bankruptcy courts. See *id.* Moreover, the court explained:

> [If] . . . substantive effect should be given to the omission of the ["related to"] language [in section 1412], Congress did far more than deprive bankruptcy courts of the authority to transfer related-to actions. It also deprived the new district court transferor of the same power, whether exercised under section 1412 or, most importantly, under section 1404(a) pursuant to the well-settled rule of *expressio unius est exclusio alterius*. This view, of course, would seem to defy common sense.

*Id.* at 680; see also *Baker*, 2006 WL 1663748, at *2 ("Congress intended to place the judicial power back into the hands of Article III district courts, but did not intend to otherwise hamper the well settled principle that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation.").

---

[4] The following cases cite and agree with the reasoning in *Dunlap*: *LSREF2 Baron, LLC*, 2013 WL 230381, at *4; *Campbell v. Williams*, No. 1:14-CV-097, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015); *Marquette Transportation Company*, 2006 WL 2349461, at *4.

Like *Marquette*, the *Dunlap* court held that because the term "proceeding" in section 1409 includes related claims, section 1412 should include related claims as well. *Id.* This court finds the reasoning of *Dunlap* and *Marquette* persuasive and agrees that the term "proceeding" in section 1412 encompasses claims merely related to core proceedings. Therefore, section 1412 is the statute governing transfer of claims related to title 11 actions.

B. <u>Application</u>

1. *Whether Leal's Claims Are "Related to" Coit's Pending Bankruptcy Case*

First, the court finds that the instant action is, at a minimum, related to the bankruptcy action. *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir.) (stating that a proceeding is "related to" a bankruptcy if the outcome of that proceeding could conceivably affect the administration of the bankruptcy estate), *cert. denied*, 552 U.S. 1022 (2007). Leal seeks payment of subrogation from the defendants, including Coit, which commenced a bankruptcy action in the Eastern District of Texas. Original Petition ¶¶ 16-35; Notice at 1. If Coit were found liable to Leal in this action, it is conceivable that Leal could attempt to collect from the bankruptcy estate of Coit. Thus, the instant action could affect the administration of the bankruptcy estate of Coit and is, at a minimum, related to the bankruptcy action.

2. *Whether the Court Has Discretion to Transfer*
*This Action under Section 1412*

"[T]he party moving for the transfer must show by a preponderance of the evidence that the case should be transferred." *Matter of Commonwealth Oil Refining Company, Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045 (1980). As stated above, section 1412 permits a transfer "in the interest of justice *or* for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). As to the interest of justice prong, there is a "strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *LSREF2 Baron, LLC*, 2013 WL 230381, at *5; see also *Marquette Transportation Company*, 2006 WL 2349461, at *4. The most important factor is "whether transfer would promote the economic and efficient administration of the bankruptcy estate." *LSREF2 Baron, LLC*, 2013 WL 230381, at *4. Other factors include: (1) the location of the bankruptcy estate; (2) whether the interests of judicial economy would be served by the transfer; (3) the possibility of a fair trial; (4) either forum's interest in the controversy; (5) the enforceability of any judgment obtained; and (6) the plaintiff's original choice of forum. See *Norton v. Encompass Services Corporation*, 301 B.R. 836, 839 (S.D. Tex. 2003).

The defendants point to several factors supporting their contention that this case should be transferred in the interest of justice.[5] First, the defendants contend that Coit's bankruptcy proceeding in the Eastern District will adjudicate claims similar to those in the instant action, which could lead to conflicting judgements. Motion at 4. Specifically, the defendants aver that Leal's claims in the instant action share common issues of fact and law with the bankruptcy action and, therefore, the two actions should be tried in one court. *Id.* The defendants conclude that these factors outweigh any deference Leal's choice of forum. *Id.* at 6.

The court finds that it is in the interests of judicial economy and efficiency to transfer the case to the Eastern District of Texas. First, the bankruptcy estate is located in the Eastern District. Moreover, there is a strong presumption that the Eastern District is the "home court" in this case because of Coit's pending bankruptcy action. See *In re Adkins Supply, Inc.*, 2015 WL 1498856, at *4 ("[Section 1412] grants deference for the "home court" rule -- venue where the bankruptcy case is pending."). Moreover, it is significant that the transfer may allow the bankruptcy

---

[5] The defendants also contend that transfer to the Eastern District is more convenient for the parties. Motion at 6-7. The defendants reason that both defendants (and possibly Leal) are located in the Eastern District. *Id.* Moreover, the defendants contend that the witnesses and evidence are located in the Eastern District. *Id.* Although the court is not persuaded that transfer to the Eastern District, "17 miles" to the north, is substantially more convenient to any of the parties, transfer may be appropriate on the interest of justice prong alone. See, *e.g.*, *Marquette Transportation Company*, 2006 WL 2349461, at *5 ("In this case, under § 1412, transfer can be predicated on the interest of justice alone.").

court to make decisions based on the facts, law, and how the bankruptcy estate will provide for payment, discharge, or litigation of Leal's claims. This will diminish the possibility of inconsistent judgments and promote the efficient administration of justice. Thus, the court concludes that it is in the interest of justice to transfer this case to the Eastern District.

3. *Leal's Motion to Abstain and Remand*

The court also notes that Leal has filed a motion for abstention and remand. Plaintiff's Motion for Abstention and Remand (docket entry 11); Plaintiff's Brief in Support of Her Motion for Abstention and Remand ("Plaintiff's Brief") (docket entry 12). However, as in *Marquette*, the court holds that this case should be transferred to the appropriate bankruptcy court to determine whether it should hear the claims or grant Leal's motion to abstain and remand the case to state court. See *Marquette Transportation Company*, 2006 WL 2349461, at *5 ("[T]he bankruptcy court can decide whether remand is necessary and/or whether abstention is either required or warranted.") (citing *Nelson v. First Lenders Indemnity Company*, No. 2:97-CV-239-B, 1998 WL 378376, at *1 (N.D. Miss. 1998) (holding that when there are simultaneous motions to transfer and remand, the motion to remand should be "transferred for referral to the appropriate bankruptcy court to determine whether it should hear and determine these claims")). The *Marquette* court reasoned that the bankruptcy court was in a better position determine whether mandatory abstention

was appropriate. *Id.* at *5. Here, Leal's motion to remand similarly seeks mandatory abstention. *See* Plaintiff's Brief at 12; Defendants' Response to Plaintiff's Motion for Abstention and Remand at 14 (docket entry 17). Moreover, Leal's motion also invokes the doctrine of permissive abstention, which requires an analysis of various factors, including the burden of the case on the bankruptcy court's docket. *Id.* at 14. For the same reasons as in *Marquette*, this court concludes that the bankruptcy court is in a better position to decide Leal's pending motion. Thus, transfer is appropriate prior to any determination as to whether the case should be remanded.

### III. CONCLUSION

For the reasons stated above, the defendants' motion is **GRANTED**. This case is hereby **TRANSFERRED** to the **Eastern District of Texas, Sherman Division**, for potential referral to the bankruptcy court administering the estate of Coit.

**SO ORDERED**.

February 13, 2017.

_____
**A. JOE FISH**
**Senior United States District Judge**