IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MINERVA LEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:17-CV-00108-ALM-CAN |
| v. | § | |
| | § | |
| TIMOTHY BEDNAR, JEFFREY BEDNAR, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Pending before the Court is Defendants Timothy Bednar and Jeffrey Bednar's ("Defendants") Motion to Refer Case to United States Bankruptcy Court ("Motion to Refer") [Dkt. 23]. The Court, having considered the Motion to Refer, Plaintiff's Response [Dkt. 25], and all other relevant filings, finds that Defendants' Motion to Refer Case to United States Bankruptcy Court should be **GRANTED**.

On December 17, 2015, Plaintiff Minerva Leal ("Plaintiff") filed this action against Defendants in state court, and on December 14, 2016, Defendants timely removed this action to the United States District Court for the Northern District of Texas [Dkt. 1]. On February 21, 2017, The Honorable A. Joe Fish referred this action to this Court for potential referral to the bankruptcy court administering the bankruptcy estate located in this District [Dkt. 21]. On March 13, 2017, Defendants filed a Motion to Refer [Dkt. 23]. Plaintiff filed her Response on April 9, 2017 stating she "is not opposed to the referral to the United States Bankruptcy Court" [Dkt. 25].

This Court may refer to the bankruptcy court for this district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . ." 28 U.S.C. § 157(a). "A proceeding is 'related to' a bankruptcy if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). On March 13, 2017, Defendants filed a Motion to Refer Case to United States Bankruptcy Court [Dkt. 23]. Plaintiff's Response states that she is not opposed to the referral of this case to the United States Bankruptcy Court. Further, the Northern District of Texas previously determined that "the instant action could affect the administration of the bankruptcy estate of Coit and is, at a minimum, related to the bankruptcy action" [Dkt. 21 at 8]. Accordingly, the Court, after review of the Defendants' Motion to Refer, Plaintiff's Response, all other relevant filings, and the argument and the agreements of the Parties, recommends that Defendants' Motion to Refer be granted.

## CONCLUSION AND RECOMMENDATION

Based upon the findings discussed above, the Court recommends that Defendant's Motion Refer Case to United States Bankruptcy Court [Dkt. 23] be **GRANTED** and that this case be referred to The Honorable Brenda T. Rhoades, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of Texas, for all further proceedings in this matter, in accordance with 28 U.S.C. § 157(a), and the pertinent general orders in this District.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 10th day of April, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 3